**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER F. PAYNE, Booking #23748583,<br><br>                          Plaintiff,<br><br>vs.<br><br>SAN DIEGO POLICE DEP'T, N. MARINO, ROAD ONE TWO COMPANY, BAHROOZ,<br><br>                        Defendants. | Case No.: 3:25-cv-1380-TWR-VET<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND (2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>(ECF Nos. 1, 2) |

      Plaintiff Chrisopher F. Payne, a detainee proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1), along with a Motion to Proceed *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). In his Complaint, Plaintiff claims Defendants violated his constitutional rights when they towed and impounded his vehicle after his arrest. (*See* Compl. at 3.) For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to proceed IFP and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

/ / /

/ / /

1

**MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Int.*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. §§ 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing fee upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *see also* 28 U.S.C. §§ 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has provided copies of his prison trust account statement and prison certificate. (*See* ECF Nos. 3 & 4.) During the six months prior to filing suit, Plaintiff had an average monthly balance of $35.91, average monthly deposits of $78.00, and an available account balance of $215.63. (*See* ECF No. 4 at 1.) Accordingly, the Court **GRANTS** Plaintiff's Motion and assesses an initial partial filing fee of **$15.60** pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected, however, only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Thereafter, the facility where Plaintiff is detained **MUST COLLECT** the full balance of the $350 fee owed and **MUST FORWARD** payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

## I.   Plaintiff's Allegations

In his Complaint, Plaintiff alleges that he was arrested in Ramona, California, on some unspecified date. (*See* Compl. at 3.) Upon his arrest, Officer Marino had Plaintiff's vehicle towed and impounded "as evidence." (*Id.*) Plaintiff alleges, however, that his vehicle was never used as evidence and never searched. (*Id.*)

At some point, Plaintiff's vehicle was "released" to "Tow Company Road One." (*Id.*) Plaintiff was never notified his vehicle had been released to the towing company. (*Id.*) Plaintiff states that he owned the vehicle and when it was confiscated and that it contained his mother's and grandmother's ashes, a scooter, a kayak, clothing, and other belongings. (*Id.*)

## II.   Analysis

Plaintiff alleges Defendants improperly impounded his vehicle after his arrest, seeking its return and money damages. (*See* Comp. at 3, 7.) Plaintiff has named the San Diego Police Department, "Road One Tow Company," and San Diego Police Officers Marino and Bahrooz as Defendants. (*Id.* at 2.)

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### A.   Eighth Amendment

Plaintiff has couched his claim as one of "cruel and unusual punishment," which is presumably a reference to the Eighth Amendment. But the Eighth Amendment's bar against cruel and unusual punishment applies only to convicted prisoners. *See Pierce v.*

*Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008). Because Plaintiff was neither convicted nor incarcerated when his claim(s) arose, he cannot state an Eighth Amendment claim. *See Iqbal*, 556 U.S. at 678.

### B.   Fourth Amendment

Even if liberally construed under the Fourth Amendment, as currently pleaded, Plaintiff has failed to state a claim. "To prevail on a section 1983 claim based on the Fourth Amendment, a plaintiff must show that the state actor's conduct was an unreasonable search or seizure." *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018) (citing *Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1074–75 (9th Cir. 2018)). "A seizure conducted without a warrant is per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well delineated exceptions." *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). One such exception is the police's community caretaking function, which permits law enforcement to "seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience." *See S. Dakota v. Opperman*, 428 U.S. 364, 369 (1976) (holding that the ability for law enforcement to seize vehicles pursuant to the community caretaking function is "beyond challenge").

Here, Plaintiff states that, upon his arrest,[2] his vehicle was seized "as evidence" and towed. (*See* Compl. at 3.) In California, Vehicle Code section 22651(h)(1) permits law enforcement to impound a vehicle "when an officer arrests any person driving or in control of a vehicle for an alleged offense and takes that person into custody." *See United States*

---

[2] According to the San Diego County Sheriff's Department's website, Plaintiff was booked on November 28, 2023 and charged with one count of being a felon in possession of a firearm (Cal. Penal Code § 29800(a)), two counts of assault with a firearm (Cal. Penal Code § 245(b)); one count of assault with force likely to cause great bodily injury (Cal. Penal Code § 245(a)(4)); evading an officer (Cal. Veh. Code § 2800.2), resisting arrest (Cal. Penal Code § 148); and witness intimidation (Cal. Penal Code § 136.1). *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=UdWeWsGhvCe26g5q62ybJaF1XBVNfKoKpo5HZQdkV1Q%3d#! (visited July 23, 2025). The Court may take judicial notice of public records available on online inmate locators. *See* Fed. R. Evid. 201; *Graham v. Los Angeles Cnty.*, No. 2:18-cv-01126-PA (GJS), 2018 WL 6137155, at *2 (C.D. Cal. May 4, 2018) (taking judicial notice of information regarding the status of inmate via the Los Angeles County Sheriff's Department's website and its inmate locator function)).

5

*v. Caseres*, 533 F.3d 1064, 1074 (9th Cir. 2008) (citing Cal. Vehicle Code § 22651(h)(1)); *United States v. Jensen*, 425 F.3d 698, 706 (9th Cir. 2005) ("Once the arrest was made, the [community caretaking] doctrine allowed law enforcement officers to seize and remove any vehicle which may impede traffic, threaten public safety, or be subject to vandalism."). However, "[w]hether an impoundment is warranted under the community caretaking doctrine depends on the location of the vehicle and law enforcement's duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." *Caseres*, 533 F.3d at 1075.

Plaintiff has not alleged sufficient facts to support a Fourth Amendment claim. Although Plaintiff states the vehicle was "parked correctly, registered and insured," it is unclear where the vehicle was located when it was seized. *See Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (holding that the impoundment of an arrestee's car from a private parking lot "to protect the car from vandalism or theft" was reasonable under the community caretaking doctrine); *cf. Miranda v. City of Cornelius*, 429 F.3d 858, 864–65 (9th Cir. 2005) (concluding impoundment of the plaintiff's vehicle was an unreasonable seizure not justified by the community caretaking doctrine when vehicle was parked on the owners' private property). Therefore, even when liberally construed under the Fourth Amendment, the sparse facts alleged in the Complaint are insufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678; *see also e.g., Derritt v. City of Pomona Calif.*, No. 2:11-cv-03904-SVW-PJW, 2018 WL 5859175, at *4 (C.D. Cal. June 20, 2018) (finding no constitutional violation when the plaintiff was lawfully arrested and his car was seized pursuant to § 22651(h)(1)).

C.  **Due Process**

To the extent Plaintiff's claim that his property was improperly confiscated could be liberally construed under the Due Process Clause, he also fails to state a claim. The Fourteenth Amendment prohibits any state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. However, "unauthorized and intentional deprivations of property do not constitute a violation of

6

procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "California Law provides an adequate post-deprivation remedy for any property deprivations" by public officials. *See Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810 *et seq*.). Accordingly, Plaintiff has failed to state a claim under the Fourteenth Amendment for loss of property. *See Iqbal*, 556 U.S. at 678; *see also Andreyev v. Van*, No. 2:23-cv-01403-DJC-CKD PS, 2023 WL 5836485, at *3 (E.D. Cal. Sept. 8, 2023) (dismissing due process claim based on the seizure and subsequent sale of plaintiff's vehicle after his arrest because an adequate post-deprivation remedy was available).

### D.     Defendants

Finally, the Court notes that to state a § 1983 claim against a defendant, a plaintiff must allege that the defendant's conduct was the cause of his alleged injury. "Such causation can be established either by some kind of direct personal participation in the deprivation or by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Chaudhry v. Aragon*, 68 F.4th 1161, 1169 (9th Cir. 2023) (quoting *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1044 (9th Cir. 1994) (internal quotation marks omitted)).

Here, the San Diego Police Department does not appear to be a proper Defendant. Generally, departments of municipal entities are not "persons" subject to suit under § 1983, and, consequently, a local law enforcement department is not a proper party. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality."); *Rodriguez v. Cnty. of Contra Costa*, No: C 13–02516 SBA, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 1, 2013) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983." (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995))).

And while the City of San Diego itself may be considered a "person" under § 1983, *see Monell*, 436 U.S. at 692, Plaintiff has not named the city as a defendant. Further, "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality." *Id*. Therefore, a city may be liable under § 1983 only where the plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the city, or a "final decision maker" for the city. *Id*. at 690; *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 402 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). Plaintiff makes no such allegations here.

Plaintiff also fails to allege any facts regarding the conduct of Defendant Bahrooz. Indeed, Bahrooz is not even mentioned in Plaintiff's factual allegations, (*see* Compl. at 3), and the Complaint therefore cannot support a claim against him. *See Chaudhry*, 68 F.4th at 1169; *see also Iqbal*, 556 U.S. at 678.

### E.   Leave to Amend

Given Plaintiff's *pro se* status, the Court **GRANTS** him leave to amend his Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2);

2. **DIRECTS** the Watch Commander of George Bailey Detention Facility, or their designee, to collect from Plaintiff's trust account the $15.60 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the

///

amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). *All payments must be clearly identified by the name and case number assigned to this action*;

    3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Facility Commander, George Bailey Detention Facility, 446 Alta Rd. Ste. 5300, San Diego, California, 92158;

    4.    **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b); and

    5.    **GRANTS** Plaintiff <u>**sixty (60) days**</u>' leave from the date of this Order in which to file a First Amended Complaint that cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"). ***<u>If Plaintiff fails timely to file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and failure to prosecute in compliance with a court order requiring amendment.</u>*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 4, 2025

                                                */s/ Todd Robinson*
                                                Honorable Todd W. Robinson
                                                United States District Judge